UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN and GERALD DWYER, on behalf of themselves and all other persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>*Defendant.* | No. 24-cv-07719 (MEF/JRA)<br><br>**OPINION and ORDER** |

The Defendant has moved to dismiss for lack of personal jurisdiction.

In response, the Plaintiffs have argued that (1) there is jurisdiction; if not, then (2) there should be jurisdictional discovery; and if not, then (3) the case should be transferred to Washington.

The Court transfers the case.

                               \*    \*    \*

There is no non-frivolous argument here as to general jurisdiction. See generally Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011). No one suggests New Jersey is where the Defendant is incorporated or where its principal place of business is.[1]

---

[1] There may possibly be general jurisdiction in a state that is neither a corporation's state of incorporation nor its principal place of business. Maybe, for example, there is general

\*   \*   \*

There is only a weak argument for specific jurisdiction with respect to claims pressed against the Defendant by the non-resident Plaintiffs.

The real question is whether, as to those Plaintiffs, the argument is just strong enough to make it over the (low) bar for jurisdictional discovery in the Third Circuit.  See Doe (R.N.H.) v. Wyndham Hotels & Resorts, Inc., 2025 WL 2380410, at \*1 (D.N.J. Aug. 15, 2025).

Probably not, largely for the reasons set out by the Defendant.  See ECF 28 at 6-10.

But closing definitively on the specific jurisdiction question would require reaching and resolving a constitutional question, including as to pendent party jurisdiction --- and that should be avoided where possible.  See Doe (R.N.H), 2025 WL 2380410, at \*1.

\*   \*   \*

How to proceed?

A transfer to the Defendant's "at home"[2] district is one option, and that is what the Plaintiffs have requested.[3]

---

jurisdiction in two states if there is a corporation with two co-equal headquarters in those two states.  Cf. Caduceus, Inc. v. Univ. Physician Grp., 713 F. Supp. 3d 30, 34 (D.N.J. 2024).  But there is nothing like that here.

[2]  Goodyear Dunlop Tires Operations, 564 U.S. at 919.

[3]  Two things.  First, this is a possible option because a transfer can go forward regardless of whether there is personal jurisdiction.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962); Lafferty v. St. Riel, 495 F.3d 72, 78-79 (3d Cir. 2007).  And second, the Plaintiffs have asked for a transfer to Washington, where they say the Defendant is incorporated.  See ECF 22 at 20-22.  The Defendant has not responded by saying anything about whether Washington in particular is or is not an appropriate venue.

2

This is a common-sense request.[4]

\* \* \*

The Defendant resists, mainly by citing Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124 (3d Cir. 2020) --- for the proposition that "[i]f a plaintiff may, on its own, refile its case in a proper forum," because the statute of limitations has not yet run, then "the interests of justice do not demand transfer." Id. at 133 (cleaned up).

But that proves too little.

Danziger holds that transfer is not necessary in the referenced circumstance. Not that it is forbidden except in that circumstance.[5]

\* \* \*

The Court exercises its discretion to transfer this case to the Western District of Washington.

IT IS on this 27th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[4] As a formal matter, there is no motion seeking transfer --- only a fallback argument from the Plaintiffs for transfer. But no matter. Transfer is allowed even without a motion from a party, provided the parties have had a chance to weigh in. See Beychok v. Baffert, 717 F. Supp. 3d 392, 399 n.4 (D.N.J. 2024) (collecting cases). They have had that chance here.

[5] Note that, for now, claims have been pressed under the laws of four states. Questions about limitations periods for different state-law claims, including when they may have accrued, can sometimes be complex. Rather than working through these questions without the benefit of briefing from the parties, largely for the purposes of choosing between (a) likely dismissing for lack of jurisdiction (which would allow for refiling if there is indeed in the end no limitations-period bar) or (b) transferring (which is virtually identical to refiling, but for the payment of a new filing fee), the Court concludes that the most efficient way forward is to transfer.