THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN, GERALD DWYER, and SAM MARCUS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | No. 2:25-cv-01651-RAJ<br><br>**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>NOTED FOR CONSIDERATION:<br>April 7, 2026<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully seeks an order staying discovery pending the Court's decision on T-Mobile's Motion to Compel Arbitration (the "Motion to Compel"), which is filed contemporaneously with this Motion to Stay Discovery (the "Motion to Stay").

As the Motion to Compel demonstrates, Plaintiffs' claims are not properly before the Court because all of the Plaintiffs agreed on multiple occasions to arbitrate their claims against T-Mobile rather than litigating them in court. They did so by signing written contracts containing arbitration agreements and/or by accepting T-Mobile's Terms and Conditions—



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

which apply to all T-Mobile customers and include a clear and conspicuous arbitration agreement and class action waiver—through their conduct. T-Mobile's Motion to Compel is a threshold motion that should be resolved before anything else transpires in this case.

Allowing discovery to proceed here would undermine the purposes underlying the Federal Arbitration Act ("FAA") and deprive T-Mobile of the benefits of its arbitration agreements with Plaintiffs. In contrast, staying discovery will further the efficiency principles that underlie the FAA and conserve the parties' and the Court's resources. For this reason, this Court and courts throughout the Ninth Circuit and across the country regularly exercise their discretion to stay discovery pending the resolution of a motion to compel arbitration.

The Court should do the same here. With T-Mobile's contemporaneous filing of its Motion to Compel, the Court has all the information it needs to determine the sole issue that is properly before it—whether Plaintiffs formed agreements to arbitrate with T-Mobile. Resolving T-Mobile's Motion to Compel should result in each Plaintiff's claims being sent to arbitration, where Plaintiffs agreed to assert them. Good cause therefore exists for a stay of discovery while the Court resolves T-Mobile's Motion to Compel.

## II. PROCEDURAL BACKGROUND

This case was transferred from the District of New Jersey after that Court concluded it likely did not have personal jurisdiction over T-Mobile. ECF No. 49. Four of the five named Plaintiffs filed the original lawsuit against T-Mobile in New Jersey federal court. ECF No. 1. Plaintiff Marcus was added as a named plaintiff after the case was transferred to this Court. ECF No. 69.

In New Jersey, T-Mobile filed a motion to dismiss for lack of personal jurisdiction and, in the alternative, a motion to compel arbitration. ECF No. 11. T-Mobile's initial motion to compel arbitration established that the original four Plaintiffs (Oddo, Hyaduck, Kahhan, and Dwyer) agreed to arbitrate by signing arbitration agreements and/or accepting T-Mobile's



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Terms and Conditions. The New Jersey court did not substantively rule on T-Mobile's motion to compel; instead, it denied the motion without prejudice to refiling, so the court could determine whether it had personal jurisdiction over T-Mobile that would allow it to resolve the arbitration motion in the first instance. ECF No. 14.

The New Jersey court subsequently exercised its discretion to transfer the case to the Western District of Washington, where T-Mobile is headquartered, based on doubts about whether the court had personal jurisdiction over T-Mobile with respect to the non-New Jersey plaintiffs' claims. ECF No. 49. On November 10, 2025, this Court entered its Initial Scheduling Order, which set various initial case scheduling deadlines, including a deadline to conduct a Rule 26(f) conference, exchange initial disclosures, and file a joint status report. ECF No. 66. On December 2, 2025, the parties filed a Stipulated Motion to set a briefing schedule for T-Mobile's anticipated motion to compel arbitration following Plaintiffs' anticipated filing of an amended complaint. ECF No. 67. On December 3, 2025, the Court granted the Stipulated Motion and entered the requested briefing schedule. ECF No. 68. The Court also vacated the deadlines set forth in the Initial Scheduling Order for good cause "pending the Court's ruling on Defendant's forthcoming Motion to Compel Arbitration and Motion to Stay Discovery."

The original Plaintiffs plus an additional Plaintiff (Marcus) filed their Amended Complaint on December 5, 2025. ECF No. 69. Plaintiffs assert various common law and consumer protection claims, alleging that T-Mobile increased the rates charged and billed for Plaintiffs' wireless service plans despite allegedly representing that these rates would remain the same indefinitely. *See generally id.*

T-Mobile filed its Motion to Compel contemporaneously with this Motion to Stay. As set forth therein, Plaintiffs' claims must be arbitrated and are not properly before this Court because each Plaintiff entered into binding arbitration agreements with T-Mobile. Plaintiffs agreed to arbitrate by signing contracts containing clear and conspicuous arbitration agreements



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and by agreeing to T-Mobile's Terms and Conditions (which also include an arbitration agreement) through their conduct, including using and paying for T-Mobile's services, after repeatedly receiving notice of the Terms and Conditions and that using and paying for T-Mobile services after that notice would constitute contractual acceptance. The formation of their arbitration agreements is the only issue before the Court because of the express delegation clause in various applicable versions of T-Mobile's Terms and Conditions, including the currently operative 2025 Terms and Conditions, and because the Terms and Conditions and many Plaintiffs' contracts expressly incorporate the AAA rules (which themselves provide for delegation to the arbitrator). T-Mobile supported its arbitration motion with the Declaration of Judy Sanchez, along with its exhibits. Those materials provide Plaintiff with ample evidence of their arbitration agreements with T-Mobile as well as the facts regarding their untimely attempts to opt out of arbitration.[1]

## III. ARGUMENT AND CITATION TO AUTHORITY

Good cause exists to stay discovery pending the resolution of T-Mobile's Motion to Compel Arbitration. The FAA, which applies to Plaintiffs' arbitration agreements, "embodies a clear federal policy in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 & n.1 (9th Cir. 1999) (citing 9 U.S.C. § 2); *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (recognizing the "liberal federal policy favoring arbitration agreements" reflectred in the FAA). The Supreme Court recently reiterated the established principle that "Congress's purpose in the FAA [is] 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

[1] Plaintiffs allege that they opted out of arbitration. As set forth in the Motion to Compel, whether Plaintiffs timely opted out of arbitration is an issue that has been delegated to the arbitrator, so the Court need not address it. In any event, Plaintiffs' opt out requests were untimely and insufficient and thus invalid, as shown by the materials T-Mobile has produced.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Indeed, "[a] prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results." *Preston v. Ferrer*, 552 U.S. 346, 357-58 (2008) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633 (1985)).

In recognition of this objective, this Court and courts across the country routinely stay discovery while a motion to compel arbitration is pending. *See, e.g., Butler v. New Horizons Great Lakes Holding Corp.,* No. 15-cv-1304-RAJ (W.D. Wash. Nov. 23, 2015), Dkt. No. 78 at 2 (Jones, J.) (staying all discovery and case deadlines "until the court decides the arbitration issue" "to conserve the parties' and the court's resources"); *Zeiger v. Hotel Cal. by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *3 (W.D. Wash. May 12, 2022) ("[R]equiring Defendant to engage in discovery that may not be permitted or accepted in arbitration would prejudice Defendant. A stay will also prevent the Court from expending judicial resources resolving potential discovery disputes which may not be relevant if this matter is sent to arbitration."); *see also, e.g.*, *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (agreeing that "unless discovery is stayed, parties forever lose the advantages of arbitration—speed and economy" and collecting cases granting stays under these circumstances); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (holding "a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is . . . prudent" and recognizing this "common practice" amongst Ninth Circuit courts).

"[A] district court has wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "may relieve a party of the burdens of discovery while a dispositive motion is pending." *Cox v. First Student Inc.*, No. 3:25-CV-05497-DGE, 2025 WL 2933761, at *1 (W.D. Wash. Sept. 29, 2025); *see* Fed. R. Civ. P. 26(c)(1) (empowering courts to enter protective orders for "good cause" to "protect a party" from "undue burden or



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

expense"). A stay of discovery is particularly appropriate where a pending motion (1) is "potentially dispositive of the entire case, or at least on the issue to which discovery is directed" and (2) "can be decided without additional discovery." *Zeiger,* 2022 WL 1499670, at *2 (quoting *Ahern Rentals Inc. v. Mendenhall*, C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020)); *see also Cox*, 2025 WL 2933761, at *1–2 .

With respect to the first factor, if granted, T-Mobile's Motion to Compel will dispose of the entire case in this forum, requiring Plaintiffs to pursue their claims in arbitration as they contractually agreed to do. Accordingly, courts in this District have held that motions to compel are considered dispositive in the context of a motion to stay discovery. *Zeiger*, 2022 WL 1499670, at *3 (collecting cases and citing local rules and practices of this Court supporting that motions to compel arbitration are dispositive); *see also Cox*, 2025 WL 2933761 at *2; *see also Arik v. Meyers*, No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) ("Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery."); *Stiener*, 2007 WL 4219388, at *1 (staying discovery because "If [defendant's] pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court").

Regarding the second factor, T-Mobile's Motion to Compel can and should be decided without discovery. In support of its Motion to Compel, T-Mobile has produced and filed arbitration agreements signed by the Plaintiffs and copies of the the Terms and Conditions governing T-Mobile's relationship with Plaintiffs which likewise require individual arbitration of disputes. T-Mobile has also provided evidence that Plaintiffs accepted the Terms and Conditions by using and paying for T-Mobile's services (confirmed by the invoices and declaration testimony provided) after receiving notice that such conduct would constitute acceptance. T-Mobile also provided the supporting declaration of Judy Sanchez, testifying to



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the authenticity of these records and describing T-Mobile's regular practices and procedures. And T-Mobile has produced records evidencing Plaintiffs' (untimely) attempts to opt out of arbitration—which is the primary defense that Plaintiffs have articulated to the Motion to Compel during the parties' various meet and confer sessions. Plaintiffs now have everything that T-Mobile is relying on in support of and everything they need to respond to T-Mobile's Motion to Compel Arbitration. Moreover, the Court has everything it needs to determine the sole issue before it: whether the parties formed an agreement to arbitrate. A stay is therefore proper. *Root v. Am. Express Nat'l Bank*, No. 2:20-CV-02267-RFB-NJK, 2021 WL 2462270, at *1 (D. Nev. June 16, 2021) (granting stay because "the motion to compel arbitration is potentially dispositive and can be decided without additional discovery").[2]

In sum, no discovery is needed to resolve T-Mobile's Motion to Compel, which may completely dispose of this case. Accordingly, a complete stay of discovery pending resolution of the Motion to Compel is prudent and proper.

## **IV. CONCLUSION**

Based on the foregoing, T-Mobile respectfully requests that the court grant the instant Motion to Stay discovery pending resolution of T-Mobile's Motion to Compel.

DATED: January 16, 2026.

I certify that this memorandum contains 2,055 words, in compliance with the Local Civil Rules.

---

[2] On January 8, 2026, Plaintiffs served 39 requests for T-Mobile to produce a wide array of documents, most of which related to issues delegated to the arbitrator, including whether Plaintiffs validly opted out and the enforceability of their arbitration agreements. This underscores the need for a stay of discovery in this matter. As stated, all that is before the Court is the issue of whether Plaintiffs formed agreements to arbitrate with T-Mobile. The Court has everything it needs to make that determination.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

CORR CRONIN LLP

s/ Michael Moore
Michael A. Moore, WSBA No. 27047
Thomas J. Bone, WSBA No. 43965
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
mmoore@corrcronin.com
jbone@corrcronin.com

s/ Kristine Brown
Kristine McAlister Brown (*Pro Hac Vice*)
David Carpenter (*Pro Hac Vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
david.carpenter@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*