The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAAN and GERALD DWYER, SAM MARCUS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA INC,<br><br>Defendants. | No. 2:25-cv-01651-RAJ<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT T-MOBILE USA INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION |

Defendant T-Mobile USA, Inc. ("T-Mobile") asks this Court to impose a blanket stay of discovery based solely on the filing of its motion to compel arbitration. A blanket stay is unwarranted. Neither the Federal Arbitration Act, nor Ninth Circuit precedent, provides for an automatic stay of discovery upon the filing of such a motion. Defendant relies heavily on a purported federal policy favoring arbitration to support the imposition of this "automatic stay," but that misstated policy does not create an automatic litigation freeze.

Under Federal Rule of Civil Procedure 26(c), Defendant bears the burden of establishing "good cause" for a stay. It has not met that burden. Defendant has not shown any cognizable hardship or prejudice form proceeding with discovery, and its generalized



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

speculation that discovery would be "burdensome" does not meet the requirements of Rule 26(c). Nor is Defendant's pending motion to compel arbitration likely to dispose of the case in this forum.

Defendant's motion to compel does not automatically stay discovery. Because merits discovery will not interfere with arbitrability issues, and because Defendant has shown no concrete harm from proceeding, the Court should deny Defendant's motion to stay discovery.

## ARGUMENT

### I. Defendant Misstates the Effect of the FAA

There is no federal policy in favor of arbitration. *Morgan v. Sundance*, 596 U.S. 411, 418 (2022). An arbitration agreement is as enforceable as other contracts, but not more so. *Id.* (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). "[A] court must not devise novel rules to favor arbitration over litigation." *Id.*

Relatedly, there is no policy creating an "automatic" stay of discovery upon the mere filing of a motion to compel arbitration. To the contrary, the FAA provides that a court shall stay an action in its entirety only *after* a determination that arbitration is required. 9 U.S.C. § 3 ("[T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action . . ."). It does not mandate a stay of discovery while a motion to compel is pending.

In nevertheless moving for a stay, Defendant relies on cases in which courts exercised their discretion to stay discovery; that reliance is misplaced. A court's discretionary authority to stay discovery is not entitlement to such a stay; none of Defendant's cited authorities hold that a stay is mandatory. Indeed, although courts have discretion to stay discovery while a dispositive motion is pending, "**this is the exception and not the rule**." *White v. Skagit Bonded Collectors, LLC*, 2022 WL 508825, at *1 (W.D.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

Wash. Jan. 24, 2022) (emphasis added). That discretion is guided by established standards. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected . . . must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation omitted). Those interests include (a) the possible damage that may result from a stay, (b) the hardship or inequity a party may suffer in being required to proceed, and (c) the orderly course of justice, measured by whether a stay would simplify issues, proof, or questions of law. *Lockyer*, 398 F.3d at 1110; *Hold Sec.*, 2023 WL 7920434, at *2. It is an abuse of discretion to impose a stay where "neither the balance of hardships between the parties, nor the prospect of narrowing the factual and legal issues in the other proceeding, justifies a stay." *Lockyer*, 398 F.3d at 1105, 1112–13 (reversing stay).

## II. T-Mobile's Motion to Compel Is Unlikely to Dispose of This Case in This Forum

T-Mobile asserts that a stay of discovery may be appropriate if a pending motion will potentially resolve the entire case. *Zeiger V. Hotel California by the Sea*, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (quoting *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020)).

Here, T-Mobile fails to carry its burden of demonstrating that its motion to compel will dispose of the entire case in this forum. T-Mobile's argument assumes away threshold factual disputes that the Court must resolve as part of any ruling on T-Mobile's motion, including contract formation, mutual assent, notice, and any alleged delegation. Those issues are antecedent to any arbitral forum, and the Court should consider evidence beyond what T-Mobile unilaterally selected in support of its motion. Where formation or assent is contested, as it is here, the motion may not dispose of the action, and discovery appropriately proceeds. T-Mobile's own account reflects contested facts about putative assent, course of dealing, and opt-out efforts—factual disputes that cannot be resolved by argument alone.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

**III. Proceeding with Merits Discovery Does Not Prejudice Defendant**

"[Defending] a suit, without more, does not constitute a clear case of hardship or inequity," *Lockyer*, 398 F.3d at 1112 (internal quotation omitted), and the fact that "discovery may involve some inconvenience and expense does not automatically warrant a stay." *United States v. Bayley*, 2022 WL 1289664, at *2 (W.D. Wash. April 29, 2022); see also *Rosario v. Starbucks Corp.*, 2017 WL 4122569, at *1 (W.D. Wash. Sep. 18, 2017) (burden and expense of discovery alone is not good cause for staying discovery). Instead, "[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Rad Power Bikes LLC v. JHR Elec. Transp. LLC*, 2019 U.S. Dist. LEXIS 89860, at *3–4 (W.D. Wash. May 28, 2019) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). The burden is "heavy" and requires a "strong showing." *Id.* Generalized complaints or "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.*

A stay would be improper here because the only "harm" T-Mobile can articulate is that being required to participate in discovery would undermine the "benefits of arbitration." That is insufficient under Rule 26(c). Moreover, if arbitration is compelled, discovery obtained now can be used in arbitration. It is not wasted time or effort. *See Katz v. Steyn*, 2019 WL 13211068, at *2 (D. Nev. May 13, 2019) (motion to stay denied where discovery related to both the court action and arbitration proceedings, and no hardship to either party was found).

Here, Plaintiffs served discovery on Defendants on January 8, 2026. On February 9, 2026, Defendant responded to the discovery requests by asserting boilerplate objections. *See* Decl. of Greg M. Kohn, Esq., ("Kohn Decl.") ¶ 2, Exh. A. Similar discovery requests were served when this case was in New Jersey, and Defendant provided similar responses. *See id.* ¶ 3, Exh. B. Considering Defendant had Plaintiffs' discovery requests prior to filing their



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

motion, Defendant could have detailed the specific burdens or costs associated with responding to those particular requests. But Defendant identifies no concrete burden, no extraordinary cost, and no specific prejudice tied to responding to discovery. That failure alone warrants denial.

## IV. A Stay of Discovery Prejudices Plaintiffs

A blanket pause of discovery risks fading memories of witnesses, potential loss of ESI, and delay in obtaining third-party and internal records of notice and assent, which will be central to both the issue of arbitrability as well as the merits. *See Katz*, 2019 WL 13211068, at *2 ("The Court is not certain at this time that the arbitration proceedings would reach a final resolution within a reasonable time such that the stay would be limited in duration."). Preservation alone is not a substitute for discovery given these concerns, particularly where records of notice and assent are required for a complete record on the pending motion to compel at issue. At a minimum, discovery should proceed on preservation, custodians, ESI sources, and arbitrability-focused requests so the Court can efficiently decide the threshold issues while safeguarding evidence.

## V. The Motion to Compel Cannot Be Decided Without Targeted Discovery on Arbitrability

There are several central factual disputes at issue in T-Mobile's motion to compel arbitration that require discovery to resolve. T-Mobile argues that the only issue before the Court is formation due to alleged delegation and incorporation of AAA rules. Plaintiffs, in their concurrently-filed Opposition to T-Mobile's motion, dispute that any delegation clause was part of a valid, mutually assented to agreement as to each Plaintiff, which is a gateway question for the Court. Plaintiffs are entitled to discovery targeted to whether any agreement was formed between the Parties.

T-Mobile boldly asserts that the Court already has "everything it needs" to decide its motion to compel arbitration, pointing to its own declarations and those documents it



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

cherry-picked to support its argument, which includes invoices and records that it claims evidence notice and assent. *See* Dkt. 73 at 7. But Plaintiffs are entitled to test completeness, authenticity, and context of those documents. As set forth above, Plaintiffs have served Defendant with 39 narrowly-tailored, arbitration-related discovery requests that focused on: (1) disclosures and communications conveying any arbitration provision and alleged delegation; (2) system logs and notice records establishing delivery and timing; (3) records and procedures concerning opt-out processing and timeliness determinations; (4) and identification of applicable contract versions for each Plaintiffs and the basis for any incorporation-by-reference. *See* Kohn Decl. Exh. A. This discovery is necessary for a complete record on T-Mobile's motion to compel and to resolve the factual disputes T-Mobile raises.

Although the Court should deny Defendant's motion and allow discovery to proceed while the motion to compel arbitration is pending, at a minimum, the Court should allow discovery related to arbitrability; require the parties to conduct a Rule 26(f) conference on preservation and ESI, with custodians and data sources identified; and permit third-party subpoenas narrowly tailored to notice/assent issues. *See Campbell v. MOD Super Fast Pizza, LLC*, 2023 WL 3203665 (W.D. Wash. May 2, 2023) ("For all of the foregoing reasons, defendants' motion to stay discovery [pending a ruling on arbitration] is DENIED, but discovery shall be limited to issues related to the motion to compel arbitration until the appropriate venue for this litigation is identified."). This approach balances efficiency with fairness and avoids prejudicing Plaintiff's ability to oppose arbitrability on a complete record.

**CONCLUSION**

T-Mobile has failed to show a likelihood of success on its motion to compel and has not demonstrated any prejudice or hardship beyond generalized speculation that participating in



McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

discovery "undermines the benefits of arbitration." For the foregoing reasons, the Court should deny T-Mobile's motion in its entirety.

* * *

I hereby certify that this memorandum contains 1,766 words in accordance with the Local Civil Rules.

DATED this 10th day of March, 2026.

McNAUL EBEL PLLC

By: *s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
600 University Street, Suite 2700
Seattle, Washington 98101
Phone: (206) 467-1816
Fax: (206) 624-5128
Email: kboyd@mcnaul.com

Greg M. Kohn, *pro hac vice*
Lisa R. Considine, *pro hac vice*
David J. DiSabato, *pro hac vice*
NAGEL RICE, LLP
Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
gkohn@nagelrice.com
lconsidine@nagelrice.com
ddisabato@nagelrice.com

*Attorneys for Plaintiffs and the Proposed Class*