THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN, GERALD DWYER, and SAM MARCUS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | No. 2:25-cv-01651-RAJ<br><br>**DEFENDANT T-MOBILE'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>NOTED FOR CONSIDERATION: April 7, 2026<br><br>ORAL ARGUMENT REQUESTED |



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

I. INTRODUCTION .......... 5

II. IT IS BEYOND DISPUTE FEDERAL POLICY FAVORS ARBITRATION .......... 5

III. DISTRICT COURTS ROUTINELY GRANT DISCRETIONARY STAYS .......... 6

IV. T-MOBILE SATISFIES BOTH REQUIREMENTS FOR A STAY .......... 7

- A. T-Mobile's MTCA Is Potentially Dispositive. .......... 7
- B. The Motion to Compel Arbitration Can Be Decided Without Discovery. .......... 8
- C. Plaintiffs' Arguments on Other Factors Do Not Support Discovery .......... 9

V. CONCLUSION .......... 11



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES


Page(s)

**CASES**

*Campbell v. MOD Super Fast Pizza*,
2023 WL 3203665 (W.D. Wash. May 2, 2023) .......... 9

*Chakravarty v. Peterson*,
2021 WL 1788241 (W.D. Wash. May 5, 2021) .......... 8

*Cox v. First Student, Inc.*,
2025 WL 2933761 (W.D. Wash. Sept. 29, 2025) .......... 7, 10

*Hold Security LLC v. Microsoft Corp.*,
2023 WL 7920434 (W.D. Wash. Nov. 16, 2023) .......... 6

*Katz v. Steyn*
2019 WL 13211068 (D. Nev. May 13, 2019) .......... 10, 11

*Lag Shot LLC v. Facebook, Inc.*,
2021 WL 2660433 (N.D. Cal. June 25, 2021) .......... 9

*Lockyer v. Mirant Corporation*,
398 F.3d 1098 (9th Cir. 2005) .......... 6, 10

*Morales v. Fry*,
2014 WL 1230344 (W.D. Wash. Mar. 25, 2014) .......... 8

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022) .......... 5

*Nguyen v. BMW of N. Am.*,
2021 WL 2284113 (S.D. Cal. June 4, 2021) .......... 11

*Rad Power Bikes LLC v. JHR Electric Transport LLC*,
2019 U.S. Dist. LEXIS 89860 (W.D. Wash. May 28, 2019) .......... 10

*Rosario v. Starbucks Corp.*,
2017 WL 4122569 (W.D. Wash. Sept. 18, 2017) .......... 10

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*,
925 F.2d 1136 (9th Cir. 1991) .......... 9

*United States v. Bayley*
2022 WL 1289664 (W.D. Wash. Apr. 29, 2022) .......... 9, 10

*White v. Skagit Bonded Collectors*,
2022 WL 508825 (W.D. Wash. Jan. 24, 2022) .......... 6




CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Woods v. JK Harris Fin. Recovery Sys.*,
2005 WL 8172267 (W.D. Wash. Apr. 22, 2005) .................................................... 7

*Zeiger v. Hotel Cal.*,
2022 WL 1499670 (W.D. Wash. May 12, 2022) ........................................... 7, 8, 10, 11



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION

District courts, including this one, routinely grant motions to stay discovery when a motion to compel arbitration is pending. In an attempt to confuse a straightforward issue, Plaintiffs advance the wrong legal standard, rely on inapposite cases, and misstate the grounds set forth in T-Mobile's Motion to Stay ("Motion"). There is no confusion here.

This Court has a two-part test for determining whether to stay discovery when a motion to compel arbitration is pending: (1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the motion can be decided without additional discovery. Plaintiffs do not mention this standard in their Opposition ("Opp."), but it is the correct framework. And T-Mobile has satisfied both prongs of this test. As set forth more fully below:

- Plaintiffs' arbitration agreements with T-Mobile are broad and require arbitration of every claim they assert in this litigation. Thus, the Motion to Compel Arbitration ("MTCA") is potentially dispositive.
- Plaintiffs' claim that discovery is needed to address certain factual disputes is wrong. The ***only*** issue properly before this Court on T-Mobile's MTCA is whether Plaintiffs entered into contracts with T-Mobile that include arbitration provisions. No discovery is required to decide that issue when Plaintiffs concede they entered into such contracts.

The Motion to Stay should be granted.

## II. IT IS BEYOND DISPUTE FEDERAL POLICY FAVORS ARBITRATION

Plaintiffs wrongly accuse T-Mobile of misstating the FAA's effect. Opp. at 2. Plaintiffs boldly proclaim "[t]here is no federal policy in favor of arbitration," ignoring the well-established body of caselaw T-Mobile cited in its MTCA, including from the Supreme Court. *See* Motion at 4. Plaintiffs instead point to *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), where the court ***acknowledged*** the federal policy favoring arbitration while noting the policy



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

does not authorize courts to invent special, arbitration-preferring procedural rules. *Id.* at 418. The Court need not invent any new "arbitration-preferring" rules to grant T-Mobile's Motion but simply apply its broad discretion to stay, which should be granted for the reasons set forth in T-Mobile's Motion and below.

## III. DISTRICT COURTS ROUTINELY GRANT DISCRETIONARY STAYS

In its Motion, T-Mobile established that district courts throughout the country routinely stay discovery while arbitration motions are pending. Plaintiffs do not rebut this or address T-Mobile's cases. Plaintiffs instead argue (1) the FAA only "stays an action in its entirety *after* a determination that arbitration is required" and (2) a stay is not mandatory. Opp. at 2. These arguments miss the mark. T-Mobile moved to stay under the Court's powers to control discovery (not under the FAA), and T-Mobile moved for a ***discretionary*** stay (not a mandatory stay). Motion at 5–7.

Plaintiffs cite inapplicable stay cases that do not involve pending arbitration motions. Opp. at 2. *White v. Skagit Bonded Collectors*, 2022 WL 508825 (W.D. Wash. Jan. 24, 2022), and *Hold Security LLC v. Microsoft Corp.*, 2023 WL 7920434 (W.D. Wash. Nov. 16, 2023), involved requests for stays with pending motions to dismiss, and *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), addressed whether an automatic bankruptcy stay applied to an Attorney General's suit. Opp. at 3. None of these cases involved a motion to compel arbitration.

Plaintiffs also cite *Lockyer* to support a 3-part stay test that does not apply here. Opp. at 3. The Ninth Circuit held that a California Attorney General's lawsuit was not subject to an automatic bankruptcy stay, finding the lawsuit was a permitted "police or regulatory power" action. *Lockyer*, 398 F.3d at 1107. The *Lockyer* test was specific to the distinguishable facts of that case. *Id.* at 1110. Plaintiffs cite no cases where courts used this 3-part test with a pending motion to compel arbitration.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs completely ignore the many cases T-Mobile cited setting forth the test this Court applies when resolving motions to stay discovery ***pending a ruling on a motion to compel arbitration***, which examines: (1) whether the pending motion is potentially dispositive of the entire case, or at least of the issue to which discovery is directed; and (2) whether the arbitration motion can be decided without additional discovery. Motion at 5–6; *see also Woods v. JK Harris Fin. Recovery Sys.*, 2005 WL 8172267, at *2 (W.D. Wash. Apr. 22, 2005). Both elements are satisfied here.

## IV. T-MOBILE SATISFIES BOTH REQUIREMENTS FOR A STAY

In its Motion, T-Mobile established both factors in the 2-part test, and Plaintiffs do not properly rebut T-Mobile's arguments.

### A. T-Mobile's MTCA Is Potentially Dispositive.

T-Mobile's MTCA is potentially dispositive of this entire case in this forum. *See Zeiger v. Hotel Cal.*, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022); *Cox v. First Student, Inc.*, 2025 WL 2933761, at *2 (W.D. Wash. Sept. 29, 2025). Plaintiffs cannot dispute this point. If T-Mobile prevails on its MTCA, litigation in this forum will cease, and Plaintiffs' claims will be resolved in arbitration.

Rather than dispute that T-Mobile has met the first factor, Plaintiffs twist its language, arguing T-Mobile bears the burden of proving its MTCA "*will* dispose of the entire case in this forum." Opp. at 3 (emphasis added). This is not T-Mobile's burden, and Plaintiffs cite no law showing it is.

Plaintiffs' argument that T-Mobile "assumes away threshold factual disputes that the Court must resolve as part of any ruling on [its] motion" and that "the motion may not dispose of the action" because "formation or assent is contested" similarly falls flat. Opp. at 3. The Court need not determine that the motion ***will*** dispose of the case, only that it has the potential



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to do so. *Zeiger,* 2022 WL 1499670, at *2. While the Court may take a "preliminary peek" at the merits of the MTCA, it should not prejudge the outcome. *Id.*[1]

Even if the Court addresses the merits of T-Mobile's MTCA (and it should not), the MTCA is likely to succeed because there is no genuine dispute that Plaintiffs entered binding arbitration agreements. Despite having all relevant information in their possession, Plaintiffs do not dispute (and in some instances even admit) having contracts with T-Mobile that contain arbitration agreements. MTCA Opp. at 10–11.

Instead of citing evidence, Plaintiffs rely on legal argument to oppose the MTCA, which cannot create a genuine issue of fact. *See Chakravarty v. Peterson*, 2021 WL 1788241, at *3 (W.D. Wash. May 5, 2021); *Morales v. Fry*, 2014 WL 1230344, at *14 (W.D. Wash. Mar. 25, 2014). While *not* the relevant standard for this Motion, T-Mobile's MTCA is likely to succeed on the merits and will dispose of this action entirely.[2]

**B. The Motion to Compel Arbitration Can Be Decided Without Discovery.**

The second part of this Court's test is also satisfied. T-Mobile's MTCA can be decided without additional discovery, as T-Mobile has provided evidence of undisputed contracts with arbitration provisions. MTCA Reply at 5. Each Plaintiff agreed to delegation provisions providing "[t]he arbitrator will have the power to rule on their own jurisdiction, including any issues concerning the existence, validity, or scope of either the Agreement or the arbitration clause, and whether any claim is subject to arbitration." MTCA at 23. Therefore, contract formation is the only issue before this Court. *Id.*

---

[1] Plaintiffs also argue "the Court should consider evidence beyond what T-Mobile unilaterally selected in support of its motion," and there are "factual disputes that cannot be resolved by argument alone." Opp. at 3. Those arguments go to the second factor of the Court's test. *See* Section IV(B) *infra*.

[2] Plaintiffs' also reference "contested facts about . . . course of dealing[] and opt-out efforts." Opp. at 3. These arguments are delegated to the arbitrator. *See* MTCA Reply at 7–10.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs argue that they are entitled to discovery "targeted to whether any agreement was formed between the parties" because "Plaintiffs are entitled to test completeness, authenticity, and context of [T-Mobile's] documents." Opp. at 5–6. However, Plaintiffs failed to come forward with any evidence controverting assent—the only issue before the Court. Plaintiffs are therefore not entitled to discovery, limited or otherwise, at this juncture. *See, e.g.*, *Lag Shot LLC v. Facebook, Inc.*, 2021 WL 2660433 (N.D. Cal. June 25, 2021) (a party resisting arbitration is not entitled to discovery when the making of arbitration agreement is not at issue (citation omitted)).

The sole case that Plaintiffs cite on this argument is *Campbell v. MOD Super Fast Pizza*, 2023 WL 3203665, at *1 (W.D. Wash. May 2, 2023), where the plaintiff attested in a declaration she did not see the arbitration agreement until her attorney showed it to her, did not sign the agreement, and the name on the signature line was not her own. Opp. at 6. Plaintiffs provided no such evidence in opposition to T-Mobile's MTCA. Only Marcus submitted a declaration disputing that he signed one specific contract, but that is of no consequence because he agreed to arbitrate on multiple other occasions by accepting T-Mobile's T&Cs through conduct, which he does not dispute. Marcus Decl., ECF 77 at 1; MTCA at 11–14, 18–23. None of the other Plaintiffs provided declarations denying their T-Mobile contracts. Because Plaintiffs fail to create a genuine issue of fact as to contract formation, no discovery should be permitted. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991).

**C. Plaintiffs' Arguments on Other Factors Do Not Support Discovery.**

Plaintiffs inject additional factors they claim support discovery. The factors are not part of the applicable test, and the Court need not consider them.

Plaintiffs first lift factors from cases that do not apply in the MTCA context. Opp. at 4. In *United States v. Bayley*, the court denied a stay because a summary judgment motion could



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

not be decided without additional discovery. 2022 WL 1289664, at *2 (W.D. Wash. Apr. 29, 2022). *Rosario v. Starbucks Corp.*, 2017 WL 4122569 (W.D. Wash. Sept. 18, 2017), and *Rad Power Bikes LLC v. JHR Electric Transport LLC*, 2019 U.S. Dist. LEXIS 89860 (W.D. Wash. May 28, 2019), involved motions to stay with pending motions to dismiss. And *Katz v. Steyn* involved a motion to stay pending resolution of an entirely separate arbitration proceeding involving different parties, claims, and law. 2019 WL 13211068 (D. Nev. May 13, 2019).[3] These decisions have no bearing here.[4] *Cox*, 2025 WL 2933761, at *2.

Invoking another inapplicable factor, Plaintiffs argue that proceeding with merits discovery will not prejudice T-Mobile because the same discovery can be used in arbitration. Opp. at 4–5. But as the *Zeiger* court notes, requiring a defendant "to engage in discovery that may not be permitted or accepted in arbitration would prejudice Defendant." 2022 WL 1499670, at *3. A stay here avoids the expenditure of judicial resources on potential discovery disputes that may not be relevant. *Id.*; *Cox*, 2025 WL 2933761, at *2.

Plaintiffs also argue that T-Mobile cannot claim prejudice (an irrelevant factor) because it did not detail the burdens or costs associated with responding to Plaintiffs' discovery requests. Opp. at 4–5. But T-Mobile explained in its discovery responses that Plaintiffs' requests were improper because T-Mobile already produced each relevant T&Cs and contract. Kohn Decl., ECF 79-1 at Exh. A. Moreover, because Plaintiffs are not entitled to *any* discovery in this matter, any burden and cost are prejudicial.[5]

Plaintiffs argue that not proceeding with merits discovery prejudices Plaintiffs because of potential for lost evidence, citing *Katz*. Opp. at 5. Plaintiffs do not establish how evidence

---

[3] *Lockyer* is distinguishable for the reasons discussed *infra* at Section III.

[4] Plaintiffs also make multiple references to Rule 26(c), which governs protective orders and has no bearing here. Opp. at 4.

[5] Plaintiffs claim T-Mobile responded to their discovery requests "by asserting boilerplate objections." Opp. at 4. This position is belied by even a cursory review of T-Mobile's discovery responses.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

is in danger of being lost. Moreover, *Katz* involved a much longer stay pending the completion of the entirely separate arbitration proceeding involving different parties, law, and claims. Here, there is no prejudice to Plaintiffs because the MTCA is fully briefed and "any stay is likely to be brief." *Zeiger*, 2022 WL 1499670, at *3; *see also Nguyen v. BMW of N. Am.*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021).

Plaintiffs also argue that they would prejudiced if not allowed discovery related to preservation, custodians, ESI sources, and arbitrability-focused requests. Opp. at 5. This potential prejudice is not supported by any evidence, and none of this discovery is relevant to contract formation—the only issue before the Court.

## V. CONCLUSION

T-Mobile respectfully requests the Court grant the Motion to Stay discovery pending resolution of T-Mobile's MTCA.

DATED: April 7, 2026

I certify that this memorandum contains 2,096 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Michael Moore*
Michael A. Moore, WSBA No. 27047
Thomas J. Bone, WSBA No. 43965
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
mmoore@corrcronin.com
jbone@corrcronin.com

*s/ Kristine Brown*
Kristine McAlister Brown (*Pro Hac Vice*)
David Carpenter (*Pro Hac Vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309

Tel: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
david.carpenter@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900