THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN, GERALD DWYER, and SAM MARCUS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | No. 2:25-cv-01651-RAJ<br><br>**DEFENDANT T-MOBILE'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>NOTED FOR CONSIDERATION: November 5, 2026<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Plaintiffs seek reconsideration of the Court's order granting T-Mobile's motion to compel arbitration, ECF No. 82 (the "Order"), based on the Ninth Circuit's unpublished memorandum disposition in *Rickes v. Thermo Fisher Scientific, Inc.*, 2026 WL 2255243 (9th Cir. Aug. 5, 2026) ("*Rickes*"). *See* ECF No. 84-1. The Court should deny Plaintiffs' Motion, ECF No. 84 (the "Motion" or "Mot."), because Plaintiffs have not met their steep burden of showing they are entitled to this extraordinary remedy.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence" that establishes "manifest error." *Id.*; *see also Chung v. Wash. Interscholastic Activities Ass'n*, 550 F. Supp. 3d 920, 927 (W.D. Wash. 2021). Reconsideration is "an extraordinary remedy, to be used sparingly," and may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. ARGUMENT AND AUTHORITIES

### A. *Rickes* Is Not New Legal Authority Warranting Reconsideration.

Plaintiffs rely solely on *Rickes* as warranting reconsideration of this Court's well-reasoned Order. It does not. To constitute "new . . . legal authority" under LCR 7(h)(1), there must be "an intervening change in *controlling law*." *See Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (emphasis added). The unpublished disposition in *Rickes* does not displace the published, controlling Ninth Circuit precedent that formed the basis of the Court's Order. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022); *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019).

*Rickes* not only lacks precedential value—it also did not change the law underlying the Court's Order. It merely applied the California standard for contract formation from *Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505, 512–13 (9th Cir. 2023), the burden of proof from *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014), and the statement from *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279, 1290 (9th Cir. 2017) that "silence alone does not constitute assent." ECF No. 84-1 at 2–3. The Court applied those same principles here and held Plaintiffs assented through affirmative conduct—using and paying for service—not silence. Order at 9–12. Nothing in *Rickes* calls into question *Berman*, *Wilson*, or *Ireland-Gordy v. Tile, Inc.*, 2026 WL 594859, at *4 (9th Cir. Mar. 3, 2026), all of which support the Court's Order. *See* Order at 10–11.

Furthermore, Plaintiffs could have brought *Rickes* to the Court's attention earlier with



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"reasonable diligence." *Rickes* issued on August 5, 2026—nearly eight weeks before the Order. Plaintiffs did not file a notice of supplemental authority. *Rickes* is not authority that "could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1); *cf. United States v. Thompson*, 2022 WL 1719221, at *2 (W.D. Wash. May 27, 2022) (decision issued a month *after* the challenged order could not have been brought to the Court's attention earlier with reasonable diligence).

**B. *Rickes* Does Not Undermine the Court's Basis for Compelling Arbitration.**

***First***, Plaintiffs' argument that *Rickes* undermines the Order rests on a mischaracterization of the Order and the record. Plaintiffs claim the Court held that: (i) "taking no action in response to an email containing terms and conditions manifests asset [*sic*];" and (ii) "there is no evidence in the record that Plaintiffs took any action in response to T-Mobile's emails updating its terms and conditions." Mot. at 3–4. That is not correct. The Court compelled arbitration not because Plaintiffs did nothing, but because each named Plaintiff did something: he continued to use and pay for T-Mobile's service after T-Mobile sent the 2023 T&Cs email—the very conduct the notice and the T&Cs plainly identified as constituting acceptance. Order at 10–11. T-Mobile's evidence of that assent was clear and unrefuted, and the Court accepted it:

> In April 2023, T-Mobile emailed each Plaintiff that its T&Cs would change on May 15, 2023. Dkt. No. 72-40 at 2; Dkt. No. 72 ¶ 24. The email stated that "[b]y using your service after that date, you'll agree to the updated Terms and Conditions," and hyperlinked the new terms. Dkt. No. 72-40 at 2. . . .
>
> For their part, Plaintiffs do not dispute that they continued to use and pay for T-Mobile service after May 15, 2023. Indeed, their claims arise from increases to the very bills they continued to pay. *See* Dkt. No. 69 ¶¶ 16–17, 23–25, 29–30, 35–36, 42.

*Id.*

***Second***, Plaintiffs mischaracterize the *Rickes* decision itself. Nothing in *Rickes* requires T-Mobile to prove that Plaintiffs "engaged with the email and took some affirmative step to



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

view the terms and conditions." Mot. at 2. The only "requirement" *Rickes* identified is to establish "both notice of the proposed agreement and mutual assent." ECF No. 84-1 at 2. Under Washington law, which the Court correctly applied here, "the existence of mutual assent turns on whether the consumer had reasonable notice of the terms of service agreement." *Wilson*, 944 F.3d at 1219. Actual notice is not required. *See id.* at 1220. Again, T-Mobile's evidence established that Plaintiffs had reasonable notice of the 2023 T&Cs, which Plaintiffs did not rebut. Order at 10–12. This stands in stark contrast to *Rickes*, where the plaintiff "submitted a declaration stating that he received a high volume of work emails, did not recall receiving any communication regarding the [arbitration agreement], and had never seen the agreement before th[e] litigation." ECF No. 84-1 at 2.

***Third***, Plaintiffs are wrong that *Rickes* precludes a finding of assent based on continued use and payment and instead requires T-Mobile to prove Plaintiffs "click[ed] buttons, check[ed] boxes, or otherwise interact[ed] with the contractual terms." Mot. at 4 (citation modified). *Rickes* did not purport to define or limit what conduct can serve as objective evidence of assent. Rather, the court simply distinguished the case before it—where the plaintiff did literally nothing after receiving the new arbitration agreement from his employer—from other employment cases that "involved objective evidence of assent that [was] absent there." ECF No. 84-1 at 3. *Rickes* cited these as examples, not prerequisites, and T-Mobile similarly provided objective evidence of assent that was absent in *Rickes*.

To be sure, the Ninth Circuit has explicitly found that continued use of a service following notice of updated terms constitutes assent to those terms. In *Ireland-Gordy*, the defendant's email expressly stated that continued use of Tile's apps would constitute acceptance of the updated terms. 2026 WL 594859, at *1. Applying California law, like *Rickes*, the Ninth Circuit held the plaintiffs received reasonable notice of the updated arbitration provision through the email and assented through "continued use." *Id.* at *4; Order at 11. Other courts applying the Ninth Circuit's test have reached the same conclusion on similar facts. *See, e.g.*,



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *12 (N.D. Cal. July 31, 2023) ("The Court agrees with the *Facebook*, *West*, and *Uber* courts that emails followed by continued use is sufficient to establish assent."); *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 933–34 (N.D. Cal. 2024) (similar). Indeed, this Court and the Central District of California have compelled arbitration of claims against T-Mobile on the exact same notice Plaintiffs received here. *See Franck v. T-Mobile USA, Inc.*, 2024 WL 4188971, at *2 (W.D. Wash. Sep. 12, 2024); *Rendon v. T-Mobile USA, Inc.*, 747 F. Supp. 3d 1314, 1319 (C.D. Cal. 2024).

And ***fourth***, Plaintiffs' argument that "the absence of a declaration from Plaintiffs does not fill the gap in T-Mobile's proof" is unavailing. Mot. at 5. The Court's ruling did not rest on the absence of a declaration, and there are no gaps in T-Mobile's proof. T-Mobile met its burden of proving an arbitration agreement by submitting evidence that Plaintiffs received an email notifying them of the updated 2023 T&Cs and assented through continued use and payment. Order at 10–12. T-Mobile also produced contracts signed by Plaintiffs Oddo, Hyaduck, and Dwyer. *Id.* at 6–7, 12–13. At that point, the burden shifted to Plaintiffs to refute T-Mobile's proof through a declaration or other evidence creating a genuine dispute as to contract formation. *Id.* at 9; *see Lewis v. DG Strategic VII, LLC*, 821 F. Supp. 3d 1267, 1270 (W.D. Wash. 2026). No Plaintiff did so—none denied receiving notice of the 2023 T&Cs or using service thereafter, and Oddo, Hyaduck, and Dwyer did not dispute signing their contracts. Order at 13. The gap in evidence was Plaintiffs', not T-Mobile's, and the Court correctly found Plaintiffs agreed to arbitrate.

### C. *Rickes*' Discussion of Opt-Outs Is Inapposite.

After disingenuously claiming that "[t]he only affirmative conduct in the record is Plaintiffs' rejection of arbitration," Plaintiffs argue that *Rickes* shows that their opt-out attempts "bear directly on whether a contract was formed at all." Mot. at 6. This ignores the critical differences in the contractual provisions governing acceptance and the conduct relied upon to establish assent. In *Rickes*, the agreement provided that employees would be "deemed to have



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

agreed" to its terms if they failed to opt out within 45 days. 2025 WL 1940191, at *2 (S.D. Cal. July 15, 2025). Consistent with that language, the defendant "contend[ed] that [the plaintiff] accepted the [arbitration agreement] by merely continuing his employment after failing to opt out within forty-five days." ECF No. 84-1 at 3. Critically, unlike in *Rickes*, failure to opt out was not the means by which T-Mobile customers accepted the T&Cs. T-Mobile's 2023 T&Cs provide "that using or paying for service constitutes acceptance." Order at 11. And T-Mobile's 2023 email alerted customers that "[b]y using your service after [May 15, 2023], you'll agree to the updated Terms and Conditions." *Id.* As the Court explained:

> Here, T-Mobile does not rely on Plaintiffs' failure to opt out as evidence of assent. Instead, it relies on their continued use of service after notice of the T&Cs and, for three Plaintiffs, on their signatures on written agreements. The opt-out provision in [T-Mobile's] T&Cs gives an existing party—who has already agreed to arbitration—a means to withdraw from an obligation already undertaken.

*Id.* at 14.

This is consistent with the court's ruling in *In re T-Mobile 2022 Customer Data Security Breach Litigation*, 829 F. Supp. 3d 700, 713 (W.D. Mo. 2026) that opt-out arguments relate to contract formation "only where the party moving to compel arbitration points to an opposing party's failure to opt out as the sole evidence of assent." Order at 13 (citation modified). Unlike the defendant in *Rickes*, T-Mobile did not invoke Plaintiffs' failure to opt out as the "sole" (or any) evidence of assent. *Rickes* therefore does not undermine the Court's holding that Plaintiffs' opt-out arguments are for the arbitrator to decide. *Id.* at 14–15.

**D. Plaintiffs' Alternative Request for Discovery and a Section 4 Trial Should Be Denied.**

Plaintiffs alternatively ask the Court to permit declarations and discovery and to hold a trial on formation. Mot. at 7. A trial is warranted only where "the making of the arbitration agreement" is genuinely "in issue." 9 U.S.C. § 4. Here, it is not. T-Mobile provided evidence that all Plaintiffs received reasonable notice of the 2023 T&Cs and assented through conduct,



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and that Plaintiffs Oddo, Hyaduck, and Dwyer signed contracts with T-Mobile containing arbitration agreements. The Court found no genuine dispute because Plaintiffs—despite having personal knowledge of these facts—did not deny receiving this notice, continuing to use service, or, with Oddo, Hyaduck, and Dwyer, signing their contracts. Order at 11–12. Plaintiffs now seek leave to submit the declarations they chose not to file with their opposition. That is precisely what reconsideration may not be used to do. *Kona*, 229 F.3d at 890; *Murdouch v. Via Transp. Inc.*, 2026 WL 1973679, at *1 (W.D. Wash. July 8, 2026) ("Motions for reconsideration may not be used to present new arguments or evidence that could have been raised earlier.").

## IV. CONCLUSION

The Order applied settled law to an undisputed record. *Rickes* addressed a different theory of assent, in a different relationship, and it changed nothing. T-Mobile requests that the Court deny Plaintiffs' Motion for Reconsideration in its entirety.

DATED: November 5, 2026

I certify that this memorandum contains 2,085 words, in compliance with the Court's order.

CORR CRONIN LLP

*s/ Michael Moore*
Michael A. Moore, WSBA No. 27047
Thomas J. Bone, WSBA No. 43965
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
mmoore@corrcronin.com
jbone@corrcronin.com

*/s/ Kristine Brown*
Kristine McAlister Brown (*Pro Hac Vice*)
David Carpenter (*Pro Hac Vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309

Tel: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
david.carpenter@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*